## CIRCUIT COURT OF WARREN COUNTY

Kuncewicz

v.

Eastham

October 30, 1963

By JUDGE ELLIOTT MARSHALL

At the pre-trial conference the plaintiff contended that the evidence would disclose the following facts:

Plaintiff and defendant are adjoining landowners. The division fence, while once a "lawful fence," has deteriorated to the extent that it no longer meets such requirements. Defendant's cattle passed over or through the division fence and damaged the plaintiff.

The defendant contended that the cattle entered plaintiff's property through a space left by a gate that was open.

The Board of Supervisors of Rappahannock County has legally adopted a "no fence" ordinance pursuant to Code Sec. 8-880.

Contrary to the Common Law of England, the General Law in Virginia is that there is no duty upon the landowner to keep his stock upon his own land. He may permit his animals to roam at will beyond his close and he is not liable for damages to other landowners (unless the animals have known dangerous propensities) if the ones damaged have not erected lawful fences around their lands as required by Code Sec. 8-869. Poindexter v. May, 98 Va. 143, 34 S.E. 971.

The effect of the adoption of the "No-Fence" County ordinance is to revert to the Common Law of England, whereunder the owner of the animals is absolutely liable for all damages. (Ibid.)

Under the facts posed by plaintiff if the parties in this case were not adjoining landowners the defendant would, no doubt, be absolutely liable. But the legislature has enacted other statutes governing their responsibilities. These provisions are collected under Article 5, Chapter 38 of the Code.

It may be well to observe that under the Common Law the necessity for special treatment of division fences probably did not arise. The rule did not actually pertain to the fences but to the trespassing animals themselves. Any landowner who kept livestock was liable for their acts of trespass quare clausam fregit. Adjoining landowners were liable each to the other. Each must maintain the division fence at his peril if he owned livestock.

The need for the special statutes pertaining to division fences no doubt arose because of the unfairness of the General Law of Virginia to crop farmers who adjoined livestock farms. They were required at their sole expense to fence out their neighbors' straying animals. It seems only fair that each landowner should be responsible for one-half of the costs of division fences.

The Virginia Codes before 1873 and the Acts of the Legislature prior to 1871 are not readily available to me, so I have not traced the Fence Statutes back to their origins. The opinion in Poindexter v. May, supra, says that the Lawful Fence Law was originally enacted in 1657 (prior to the Revolution).

Title 29, pp. 789-799, Code 1873, describes a lawful fence and provides that each county shall have the right to adopt a "No-Fence" law.

The Division Fence Law does not appear until the Code of 1887, Secs. 2053-2059. The statute must have been enacted at some session between 1873 and 1887.

The original No-Fence Law contained no such provision as present Code Sec. 8-881. This provision was added by the legislature in 1922, Acts 1922, p. 570. It seems clear to me that the amendment was inspired by uncertainty, perhaps controversy, as to the effect of a County's adoption of the No-Fence Law upon the Division Fence Law, and that the legislature intended specifically to say that as to division fences, the No-Fence Law would have no effect whatever.

This leads us to examine the duties and responsibilities of the adjoining landowners just as if the No-Fence Law had never been adopted by the Rappahannock Supervisors.

Under the General Law, had there been no Division Fence Law, the landowner would have no remedy unless he erected and maintained a legal fence. The Division Fence Law simply permits him to require his adjoining neighbor to bear one-half the costs of the erection and maintenance of a lawful fence. It could scarcely be said that he could permit the lawful fence to deteriorate to the extent that it did not meet the requirements and sue his neighbor for trespassing animals. In my opinion his only recourse is to maintain the fence and require the adjoining neighbor to defray one-half the costs. He can recover only if the fence meets the requirements of Code Sec. 8-869.

As to defendant's contention that the cattle entered through a gate opening, I think that the person responsible for leaving the gate open would be liable for damages by the trespassing animals.

To sum up, unless the plaintiff can prove by the greater weight of the evidence that he had maintained a lawful fence he cannot recover if the animals entered through the division fence; unless he can prove by the greater weight of the evidence that the defendant is responsible for leaving the gate open he cannot recover if the cattle entered through that opening.